

Craig E. Kauzlarich, Esquire
PA Attorney I.D. No.: 208858
2 West High Street
Carlisle, Pennsylvania 17013
(717) 249-0900

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:23-CR-00278 |
| | : | |
| v. | : | |
| | : | (Judge Chutkan) |
| MARK NEALY | : | |
| Defendant | : | |

### DEFENDANT MARK NEALY'S
### PRE-SENTENCING MEMORANDUM

**AND NOW**, comes the Defendant, Mark Nealy, by and through his counsel, and submits the following Pre-Sentencing Memorandum, respectfully requesting the Honorable Court impose a sentence of probation or home detention.

## I.   Statement of the Case

On January 6, 2021, Mark Nealy traveled from Chambersburg, Pennsylvania to Washington, DC on a bus chartered by a local elected official. He attended the rally where the 45th President of the United States gave a speech. When his travel companions from the bus began walking to the Capital Building, he willingly accompanied them.

Mr. Nealy entered the Capital Building at 2:25 P.M. He took photographs of the

statues, cleaned up some trash from the floor, and used the restroom.  By 2:38 P.M., Mr. Nealy was told by law enforcement to leave, and he complied without incident.

On April 28, 2022, federal agents questioned Mr. Nealy at his home in Shippensburg, Pennsylvania.  He promptly admitted to being in the Capital Building and confirmed the identity of a person on surveillance as himself.

On June 8, 2023, Mr. Nealy was charged by Criminal Complaint.  On September 1, 2023, Mr., Nealy appeared by video conference for a change of plea hearing, whereupon the Court accepted Mr. Nealy's guilty plea to one count of Parading, Demonstrating, or Picketing in a Capital Building, in violation of 40 U.S.C. § 5104(e)(2)(G).  As part of his plea agreement, Mr. Nealy agreed to pay $500 as restitution to the Architect of the Capital towards the damage incurred at the Capital Building.

## II.    Legal Precepts

40 U.S.C. § 5104(e)(2)(G) is a petty offense, class B misdemeanor punishable by up to 6 months imprisonment or 5 years of probation, but not both.  40 U.S.C. § 5109(b); 18 U.S.C. § 3561(c)(2); *United States v. Little*, 78 F.4th 453 (D.C. Cir. 2023)(finding a single petty offense conviction punishable by imprisonment or probation, but not both).  As a Class B misdemeanor, the United States Sentencing Guidelines do not apply.  PSR ¶ 46.

## III.   Section 3553(a) Factors

2

## a) The History and Characteristics of the Defendant

Mark Elwood Nealy was born in 1971 in Chambersburg, Pennsylvania. PSR ¶ 51. His father, a welder by trade, died when he was only fourteen (14) years old of a heart attack. PSR ¶ 52. His mother, who worked at the Letterkenny Army Depot, passed in 2008. PSR ¶ 54. Mark was raised on his family's horse farm near Shippensburg, Pennsylvania, where he continues to reside today. PSR ¶ 57, 61.

Mark married Susan Kilgore in Ocho Rios, Jamacia in 1997. PSR ¶ 59. His wife operates a franchise concessions business. Mr. and Mrs. Nealy have two grown children who are 19 and 22 years old. PSR ¶ 59, 60.

Despite earning a bachelor's degree in Criminal Justice from Penn State University in 1993, Mark instead found success as a business owner-operator, founding Nealy and Rine Fence and Lawn with a business partner in 1997. PSR ¶ 76, 81. In 2023, the business was divided between the partners, with Mr. Nealy assuming control of the fence contracting business, which has two full time employees. PSR ¶ 80.

Mr. Nealy's prior record consists of a 2013 conviction for involuntary manslaughter. PSR ¶ 42. Under Pennsylvania law, involuntary manslaughter is a misdemeanor and requires reckless or grossly negligent conduct in the course of an unlawful act which results in the death of another person. 18 Pa.C.S. § 2504(a). In his case, Mr. Nealy was driving near his home with a blood alcohol concentration in

excess of the legal limit and his vehicle's bumper struck the rear wheel of bicycle, causing the rider to fall to the roadway.  PSR ¶ 43, 44.  For this, he was sentenced to 9 months Intermediate Punishment, to include 3 months incarceration with work release.  PSR ¶ 45.  While undeniably tragic, the death was unintentional, and the lenient sentence imposed for it reflects this.

Several friends of Mr. Nealy have penned letters on his behalf.  Taken together, his longtime associates describe Mark as an honest and hard-working businessman who is dedicated to his family and friends.  The Manager of Cumberland Franklin Joint Municipal Authority, Dwain Koser, asks for leniency for Mark due to his respect for others, good work ethic, and importance to his friends and family, expressing that Mr. Nealy's conduct of January 6, 2021 was "one lapse of judgment in life.  Their friendship dates back to the 1970's.  See Attachment A, letter from Dwain Koser.

A tenant turned friend, Eric R. Horsh, would like the Court to know Mark Nealy is a genuinely caring person of unquestioned integrity who is actively involved in his daughters' education and careers.  See Attachment B, letter from Eric R. Horsh.  Mr. Horsh is a law enforcement officer with twenty-four years of experience.

A family friend of about 6 years, Kevin J. Keen would like the Court to know Mark Nealy is a generous and honorable man who is respected in his community.  See Attachment C, letter from Kevin J. Keen. Finally, Greg Shuman expresses that Mr. Nealy is family oriented, taking his family on trips, hiking, and golfing.  See

4

Attachment D, letter from Greg Shuman.

### b) The Nature and Circumstances of the Offense

Mr. Nealy's involvement with the events of January 6, 2021 was comparatively limited. His travel to the District of Columbia had every appearance of legitimately, as the bus was charted by a local elected official. He willingly accompanied his travel companions from the rally to the Capital Building. He was in the Capital Building for only thirteen (13) minutes. PSR ¶ 31. At no time did Mr. Nealy engage in, or intend to engage in, any violent conduct nor obstruct the proceedings of the Congress. He did not bring, possess, or use any weapons. He did not damage or steal any property. Unlike many others, Mark complied with the directives of law enforcement, deescalating an otherwise hostile situation.

After departing the Capital Building, Mr. Nealy continued about his life. He did not relocate, flee or conceal himself in any way. When confronted by federal agents more than fifteen (15) months later, he accepted responsibility for his conduct and later entered a guilty plea at the first practical opportunity.

### c) Avoidance of an Unwarranted Disparity

To date, more than 60% of § 5104(e)(2)(G) defendants sentenced have received non-incarcerative sentences. Per data current as of September 20, 2023, of 329 January

6th defendants sentenced for a lone, single count of § 5104(e)(2)(G), 129 (39.2%) received probation or supervised release, 68 (20.6%) received home confinement (or home confinement combined with probation as many cases were sentenced pre-*Little*), 3 (.9%) received fine/restitution/community service only, with 129 (39.2%) receiving jail time. Of the minority receiving jail time, the longest sentence was 180 days, the shortest 3 days, and an average of 39.3 days.

Considering that Mr. Nealy's offense was on the lower end of culpability as it did not involve weapons, violence, threat, defiance of law enforcement, theft, or direct obstruction of proceedings, a non-incarcerative sentence of probation or home detention should be imposed in order to avoid an unwarranted disparity relative to sentences previously imposed for § 5104(e)(2)(G).

## V.      Conclusion

**WHEREFORE**, for the reasons set forth above, Mark Nealy respectfully requests This Honorable Court impose a sentence of probation or home detention.

Date:  December 11, 2023                          Respectfully submitted,

**ABOM & KUTULAKIS, L.L.C.**
_____/s/_____
Craig E. Kauzlarich, Esquire
PA Attorney I.D. No. 208858
2 West High Street
Carlisle, PA 17013
(717) 249-0900

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO.  1:23-CR-00278 |
| | : | |
| v. | : | |
| | : | (Judge Chutkan) |
| MARK NEALY | : | |
| Defendant | : | |

## CERTIFICATE OF SERVICE

AND NOW comes Craig E. Kauzlarich, counsel for Mark Nealy, and certifies

that a true and correct copy of the foregoing Sentencing memorandum has been

served upon AUSA Joseph Hong Huynh, via E.C.F.

joseph.huynh@usdoj.gov

Date: December 11, 2023

Respectfully submitted,

**ABOM & KUTULAKIS, L.L.C.**
_____/s/_____
Craig E. Kauzlarich, Esquire
PA Attorney I.D. No. 208858
2 West High Street
Carlisle, PA 17013
(717) 249-0900